■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered May 26, 1989, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant stands convicted of a February 19, 1988, assault upon the complainant, his wife. The trial testimony established that the complainant sustained injuries to her face and head when the defendant beat her with his hands and a clothes iron. The complainant was admittedly reluctant to testify against the defendant and, at one point, stated that the incident herein "was an accident because [the defendant] was not in his right mind". On the other hand, when the police arrived, the defendant was laughing and, according to the

arresting officer, he was "still kind of laughing to himself" as he was being handcuffed, at which point the defendant stated, "I f_ked her up good and I hope I go to jail forever".

The defendant contends that he was denied due process of law when the trial court admitted testimonial evidence of his laughter, and allowed the prosecutor to comment on this evidence in his summation to help demonstrate the element of intent. However, because the defendant made no objection to certain of the testimony regarding the laughter or to the summation remarks on that subject, and made only a general objection to another testimonial reference to the laughter, the issue is unpreserved for appellate review (see, People v Udzinski, 146 AD2d 245, 248-252; People v Fleming, 70 NY2d 947).

This case proceeded to trial only after the defendant failed to comply with the terms of an offer by the People to dismiss the charges against him on condition that he complete 15 weeks of counseling at a program on domestic violence called Alternatives to Violence. The defendant argues on appeal that he was denied due process of law when the court denied his application for a hearing to determine whether he had, in fact, complied with the People's offer. We disagree. Although he had ample opportunity to do so, the defendant did not controvert the People's position or seek a hearing until just prior to jury selection at which time his motion was denied as untimely. Moreover, since rehabilitation through such a program was then highly problematical, the People properly exercised their discretion to resume prosecution. Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.